# United States Court of Appeals

### For the Eighth Circuit

_____

No. 20-1796
_____

United States of America,

*Plaintiff - Appellee,*

v.

Damon Whitebreast,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: November 17, 2025
Filed: April 3, 2026
[Unpublished]
_____

Before COLLOTON, Chief Judge, SHEPHERD and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Damon Whitebreast pleaded guilty to two counts of sexual abuse of a minor. *See* 18 U.S.C. §§ 1153 and 2243(a). The district court[*] sentenced him to 120 months' imprisonment. Whitebreast appeals and argues that the district court committed a procedural error at sentencing. Whitebreast waived his right to appeal on this ground, so we dismiss the appeal.

Whitebreast pleaded guilty pursuant to a plea agreement. The government agreed that the defendant's advisory sentencing guideline range should be adjusted downward under USSG § 3E1.1 because Whitebreast had accepted responsibility. The government agreed to move under USSG § 3E1.1(b) for an additional one-level downward adjustment, subject to a reservation that the government could withhold the motion "based on any interest identified in § 3E1.1 or the commentary thereto based on the defendant's conduct after the date of execution of this plea agreement or based on past conduct first learned by the government after the date of execution of this plea agreement."

The plea agreement also contained an appeal waiver. The agreement states that Whitebreast waives his right to appeal "the conviction and the sentence imposed," subject to exceptions in three "limited circumstances"—namely, where the sentence is not in accordance with the plea agreement, the sentence exceeds the maximum statutory penalty, or the sentence is constitutionally defective.

While awaiting sentencing in a local jail, Whitebreast was accused of assaulting another detainee who was physically smaller and cognitively impaired. Based on this conduct, the government opposed an adjustment for acceptance of

---

[*]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

responsibility. Whitebreast argued that he should receive a three-level reduction for acceptance of responsibility based on the plea agreement. The district court found that Whitebreast assaulted the other detainee. The court also stated that the government did not breach the plea agreement because the prosecution was permitted to oppose an adjustment based on events that occurred after the signing of the plea agreement. The court did not apply any reduction for acceptance of responsibility and sentenced Whitebreast to 120 months' imprisonment.

On appeal, Whitebreast argues that the district court committed procedural error by declining to grant a reduction for acceptance of responsibility under USSG § 3E1.1. The government moved to dismiss the appeal based on the appeal waiver in the plea agreement. An administrative panel of this court ordered supplemental briefing on whether the government breached the plea agreement by opposing an adjustment for acceptance of responsibility.

We conclude that Whitebreast waived any claim that the government breached the plea agreement. At sentencing, Whitebreast expressly declined to assert that the government breached the plea agreement. Whitebreast's counsel explained that the defendant did not "wish to have any further continuances," and that "[i]f he were to ask the Court to find the government breached the plea agreement, he would have another delay, he would have sentencing before another member of the court, and he doesn't wish to do that." Whitebreast also did not argue on appeal that the government breached the agreement.

On his challenge to the sentence, Whitebreast knowingly and voluntarily agreed to waive his "right to appeal the conviction and sentence imposed," except in three "limited circumstances." Whitebreast argues that he did not waive a claim of procedural error at sentencing because the agreement does not say explicitly whether the waiver encompasses procedural errors. But a waiver of the right to appeal "the sentence imposed" naturally includes claims of procedural error at sentencing, and

Whitebreast does not argue that his procedural challenge falls within one of the three exceptions. We therefore conclude that the appeal is foreclosed by the waiver and grant the government's motion to dismiss the appeal.

The appeal is dismissed.

_____